**FILED**
**Feb 13, 2020**
**03:45 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| JEFFREY HARDEN,<br>  Employee,<br>v.<br>ADVANCE MFG. CO., INC.,<br>  Employer,<br>And<br>TRAVELERS INDEMNITY CO. OF<br>AMERICA,<br>  Carrier. | )  Docket No. 2018-08-1535<br>)<br>)<br>)  State File No. 97520-2018<br>)<br>)<br>)  Judge Allen Phillips<br>)<br>)<br>) |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on Advance's Motion for Summary Judgment. Advance argued it is entitled to summary judgment because Mr. Harden cannot establish his injuries arose primarily out of his employment. For the following reasons, the Court grants the motion.

### Procedural History

Mr. Harden allegedly developed lumbar and cervical radiculopathy from performing heavy manual labor at Advance. Advance denied the claim, asserting defenses of notice and causation.

On September 4, 2019, Advance filed its Motion for Summary Judgment, a Statement of Undisputed Facts, and supporting affidavits. In its motion, Advance argued it was entitled to a judgment as a matter of law because Mr. Harden had produced insufficient proof of causation.

The Court struck Mr. Harden's response to the motion because he failed to file it "not later than five days before the hearing" as required by the Tennessee Rules of Civil Procedure. With the hearing scheduled for November 13, Mr. Harden filed his response on November 8. Advance moved to strike it as untimely. When excluding the

1

intermediate weekend and Veteran's Day holiday, Advance argued that Mr. Harden filed his response less than five business days before the hearing. The Court agreed. It reset the summary judgment hearing for January.

On December 31, Mr. Harden filed a Motion for Voluntary Nonsuit Without Prejudice. Advance objected because Tennessee Compilation Rules and Regulations 0800-02-21-.24 prohibits a voluntary dismissal if a summary judgment motion is pending. The Court agreed and denied Mr. Harden's motion.

On January 30, the Court heard argument on the Motion for Summary Judgment. Mr. Harden orally moved the Court to reconsider its order striking his response and argued that he provided timely notice. Advance reiterated that the medical evidence did not establish causation.

## Facts

Because it struck Mr. Harden's response, the Court must accept Advance's Statement of Undisputed Facts as true. So considered, the Court summarizes them as follows:

1. In February 2018, Mr. Harden sought emergency treatment for numbness on the entire right side of his body, and a provider diagnosed an acute stroke.
2. Four days later, he saw Dr. Daniel Magro in follow-up for his stroke symptoms, and Dr. Magro diagnosed transient cerebral ischemia, prediabetes, and acute right–sided weakness.
3. Mr. Harden saw Dr. Magro for his stroke symptoms over the next five months.
4. On July 3, Dr. Magro first diagnosed Mr. Harden with cervical and lumbar radiculopathy.
5. Later that month, Mr. Harden asked Advance to file a workers' compensation claim, neither mentioning radiculopathy specifically, nor reporting a specific incident or date of injury.
6. During the mediation process, Mr. Harden filed a letter from Dr. Magro in which the doctor stated Mr. Harden's lumbar and cervical radiculopathy is "likely secondary to 30+ years of hard manual labor."

## Analysis

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04 (2019). As the party not bearing the burden of proof at trial, Advance may establish its entitlement to summary judgment either by (1) affirmatively negating an essential element of Mr. Harden's claim or (2) demonstrating that his evidence is insufficient to establish his claim. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Advance makes a properly supported motion, the burden of proof shifts to Mr. Harden to demonstrate the existence of a genuine issue of material fact. *Id.*

2

at 265.

Advance properly supported its motion with a statement of undisputed facts with citations to the record. Mr. Harden did not timely respond. At the hearing, Mr. Harden asked the Court to reconsider its order striking his response as untimely. The Court declines. Tennessee Rules of Civil Procedure 6.01, and the law interpreting it, make clear the time restrictions on filings, and the Court followed those requirements. Moreover, Mr. Harden did not file a motion to reconsider the order striking his response before the summary judgment hearing.

However, even if the Court were to consider Mr. Harden's response, the dispositive issue remains the same: whether he presented adequate proof that his injury arose primarily out of his employment. The Court holds he did not.

Mr. Harden must show his alleged injury arose primarily out of his employment. An injury arises primarily out of the employment only if it contributed more than fifty percent (50%) in causing the injury when considering all causes. Tenn. Code Ann. § 50-6-102(14)(A) and (B) (2019). This connection must be shown to a reasonable degree of medical certainty, which means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *Id.* at (C) and (D). Under the undisputed facts, Advance both negated the essential element of Mr. Harden's claim and demonstrated the evidence was insufficient to establish the causal relationship between his injury and his employment.

In reaching this conclusion, the Court is guided by *Gamble v. Miller Indus., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 16, (Feb 9, 2017). In *Gamble*, a physician said the employee's "complaints [were] "most *likely secondary*" to a work injury and added that the employee was "injured during a trauma [.]" (Emphasis added). The Board held this proof insufficient to establish causation because the physician "did not express an opinion . . . whether the injury contributed more than 50% in causing the need for . . . medical treatment." *Id.* at *13-14.

Here, Dr. Magro stated that Mr. Harden's injury was "likely secondary to 30+ years of hard manual labor"; the same type of opinion found inadequate in *Gamble*. Therefore, the Court holds the medical evidence before the Court is insufficient to establish that Mr. Harden's injury arose primarily out of his employment. The Court grants Advance summary judgment as a matter of law.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

1. Mr. Harden's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Advance under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five business days of this order becoming final.

4. Advance shall prepare and submit the SD-2 with the Clerk within ten business days of the date of judgment.

**ENTERED February 13, 2020.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 13, 2020.

| Name | Mail | Email | Service Sent To: |
|------|------|-------|------------------|
| Christopher L. Taylor, Employee's Attorney | | X | ctaylor@taylortoon.com sreynolds@taylortoon.com |
| Paul T. Nicks, Employer's Attorney | | X | pnicks@travelers.com jschmidt@travelers.com |

**PENNY SHRUM, COURT CLERK**
**Wc.courtclerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries       $ _____ per month    Telephone    $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water         $ _____ per month    Clothing     $ _____ per month

Gas           $ _____ per month    Child Care   $ _____ per month

Transportation  $ _____ per month    Child Support $ _____ per month

Car           $_____ per month

Other        $ _____ per month (describe: _____ )

10. Assets:

Automobile          $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House              $ _____    (FMV) _____

Other              $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                RDA 11082